Frank S. McCullough, J.
This is an application for the review, pursuant to article 7 of the Real Property Tax Law, of an assessment of real property situated in the Town of Rye for the year 1963, and for an order striking the said assessment from the assessment roll on the ground that it is illegal. The *451 petitioner alleges that it is a corporation organized and existing under and by virtue of section 1958 of the Education Law.
According to the petition, the petitioner is the owner of certain real property situated in the Town of Rye. Said petition further alleges that it was organized exclusively for educational purposes to carry out the program of shared educational services and for providing instruction in such special subjects as the Commissioner of Education of the State of New York may approve. By virtue of its alleged corporate status, its ownership of the subject real property and the purposes for which it was organized, the petitioner claims exemption from taxes pursuant to section 420 of the Real Property Tax Law.
Subdivision 6 of section 1958 of the Education Law provides: 11 6. The board of cooperative educational services is hereby created a body corporate. All property which is now vested in, or shall hereafter be transferred to the board of cooperative educational services, shall be held by them as a corporation.”
The respondent contends, however, that under the Education Law the petitioner is limited in its power to the leasing or renting of property and is not empowered to own real property. Subdivision 4 of section 1958 of the Education Law states:
“ The board of cooperative educational services shall have the power and duty to: * * *
“ p. To rent suitable class rooms, offices or buildings in which to maintain and conduct such cooperative educational services and administrative offices when necessary and to equip and furnish such class rooms, offices or buildings in a suitable manner for such purposes.”
The respondent, in substance, argues that since the petitioner does not have the power to purchase or own real property the respondent did not, therefore, have the power to exempt such property from taxation, notwithstanding the fact that the petitioner may otherwise be a nonprofit educational institution, according to section 420 of the Real Property Tax Law.
It appears from cases cited by the petitioner including Bassett v. Fish (75 N. Y. 303) that Boards of Education are uniformly defined in the Education Law as “ body corporate ” which has been held to mean a corporation. Moreover, even if the court were to assume that the petitioner is entitled to characterization as a corporation, it would not necessarily follow that exemption under section 420 of the Real Property Tax Law would apply.
Although subdivision 6 of section 1958 of the Education Law, quoted above, specifically refers to “All property” without distinguishing between personalty and real property, the court *452 is reluctant to interpret such language as conferring the right to purchase real property, particularly in view of the restrictive language in paragraph p of subdivision 4 of section 1958 of the Education Law. The court also takes note of a memorandum issued by the State Comptroller wherein the questions of whether a board of co-operative educational services is a public corporation and whether such a board may acquire and hold real property were considered.
With respect to the right to acquire and hold real property the Comptroller stated: “ (2) Section 1958 of the Education Law, which provides for the creation of boards, and sets forth their powers and duties, does not include therein the power to acquire and hold real property. We feel that the express authorization to ‘ rent suitable class rooms, offices, or buildings in which to maintain and conduct such cooperative educational services,’ (¡Section 1958 [4] [p]) coupled with failure to specifically authorize the acquisition of real property, show a clear legislative intent that the acquisition and holding of real property is not included among the powers of a board. ’ ’
As to the other question dealt with in the memorandum, the Comptroller held that a board of co-operative educational services is not a public corporation as that term is used in section 405 of the Education Law. (See 19 Op. St. Comp., 1963, pp. 177, 179.)
In summary, the court is of the opinion that since the powers of a board of co-operative educational services do not include the acquisition of property, such board may not be entitled to an exemption under section 420 of the Real Property Tax Law. Although this petitioner acted outside the scope of its authority in acquiring the subject property, the exceeding of its powers should not be made the basis of an evasion of the obligation to pay taxes on said property. Accordingly, since the only relief sought by the petitioner wa's the striking of the assessment upon the ground that said assessment is illegal, the court dismisses the petition.